IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KERRY BEGAY,

    Plaintiff,

v.                                                                                            No. 22-cv-781-WJ-KRS

JOHN T BECKSTEAD,
TYSON QUAIL,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on Plaintiff Kerry Begay's *pro se* Civil Complaint. (Doc. 1) (the "Complaint"). Plaintiff is incarcerated in the San Juan County Adult Detention Center. He is proceeding pro se and *in forma pauperis*. (Doc. 4). Also before the Court are Plaintiff's Motion to Extend Payment Arrangement (Doc. 13), and his Motion for Payment Extension (Doc. 16). In the Complaint, Plaintiff alleges that Defendants, who apparently are attorneys in San Juan County, violated his Constitutionally protected right to due process rights and are liable in tort for malicious abuse of process. Pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court will dismiss the federal claims for failure to state a claim upon which relief can be granted. The Court will decline to exercise jurisdiction over the tort claim, which arises under state law, and will dismiss the claim without prejudice. Begay will be granted an opportunity to file an amended complaint. The pending motions shall be granted.

I.     <u>Background</u>.[1]

---

[1] The Court takes judicial notice of the docket in *State of N.M. v. Begay*, Case no. D-1116-CR-2021-00398, to which Plaintiff refers in the Complaint. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may take judicial notice of facts that are part of public records).

The following facts are taken from the allegations in the Complaint. For the limited purpose of this Memorandum Opinion and Order, the Court assumes they are true.

Plaintiff alleges that in September 2021, new evidence in a state court criminal proceeding against him was filed in the Eleventh Judicial District Court, San Juan County, New Mexico (the "State Court").  In February 2022, a hearing was held in the State Court in a state criminal case against him. (Doc.1 at 1). John Beckstead (apparently representing the state, but perhaps representing Begay) allegedly represented to the court that Begay admitted to domestic violence in an incident in September 2021. (Doc. 1 at 1). Beckstead then allegedly made statements regarding Begay's sentence, including a reference to a mandatory minimum sentence and to Begay's potential eligibility for good time. (Doc. 1 at 1).

In July 2022, the state entered a notice of *nolle prosequi*, dismissing its criminal charges against Begay in case no. D-1116-CR-2023-353. (Doc. 1 at 2). Defendant Tyson Quail was Begay's counsel in that case. *See* docket text in case no. D-1116-CR-2023-353.

Begay alleges that in October 2022, he filed a disciplinary complaint against Beckstead alleging malice. (Doc. 1 at 2). In a response, disciplinary counsel allegedly advised Begay that its investigation revealed insufficient evidence or no evidence to support Begay's allegations against Beckstead. (Id.).

As to Tyson Quail, Begay alleges that at a hearing in August 2022, Quail improperly examined a witness—apparently a San Juan County Sheriff's Deputy—who concealed his true name or identity. (Doc. 1 at 3). Begay appears to allege that the deputy concealed his identity with the intent to "obstruct the due execution of the law or to intimidate hinder or interrupt a public office of another person in the legal performance of his duty or the exercise of his rights under the laws of the United States or the State of New Mexico." (Doc. 1 at 3). An alternative interpretation

of this allegation is that *Quail* intended to "obstruct the due execution of the law. . ..". Further, Begay appears to allege that a San Juan County Sheriff's log-in report shows that the deputy admitted that he created a false report and concealed his identity. (Doc. 1 at 3).

Begay alleges that in September 2022, he filed a complaint against Quail with the disciplinary board alleging "malice acts" and a violation of Constitutional rights. (Doc. 1 at 4). In its response, disciplinary counsel allegedly advised Begay that its investigation found insufficient evidence to support the complaint against Quail. (Doc. 1 at 4).

II.    Analysis.

    A.  Standard of Review.

As Plaintiff is proceeding *pro se* in this civil action, the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Among other things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is *pro se*, the Court construes Plaintiff's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail,

it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of advocate for the pro se litigant[,]" *id.*, craft legal theories for him, or construct factual allegations to support his complaint. *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371–72 (10th Cir. 1989).

  B. <u>The Complaint Does Not State a Recognizable or Plausible § 1983 Claim.</u>

In part, Begay seeks to state claims under 42 U.S.C. § 1983. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The Complaint does not satisfy either pleading requirement.

  1. <u>Begay has not Shown a Violation of a Federally Guaranteed Right</u>.

Begay claims that Beckstead and Quail are liable for violating his right to due process. The due process clause of the Fourteenth Amendment prohibits the government from depriving a person "of life, liberty or property without due process of law[.]" U.S. Const. amend. XIV, § 1. "The Supreme Court has interpreted this language as guaranteeing not only certain procedures when a deprivation of an enumerated right takes place (procedural due process), but also as guaranteeing certain deprivations won't take place without a sufficient justification (substantive due process)." *Browder v. City of Albuquerque*, 787 F.3d 1076, 1078 (10th Cir. 2015).

Broadly speaking, a Fourteenth Amendment substantive due process claim arises when a plaintiff alleges the government deprived him of a fundamental right or exercised its authority in

a way that "shocks the conscience." *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 749 (10th Cir. 2013) (a government actor's conduct may be "conscience shocking" they abuse their authority or employ it as an instrument of oppression). And a Fourteenth Amendment procedural due process claim arises when a plaintiff alleges that he was deprived of a protected liberty or property interest without adequate notice and a hearing. *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 810 F.3d 1161, 1172 (10th Cir. 2016). The allegations in Begay's Complaint are vague, disjointed, and undeveloped. They do not give rise to a recognizable claim that Beckstead or Quail violated his substantive or procedural due process rights. The Court cannot discern what theory of harm Begay is alleging and the Court will not attempt to craft his theories for him, and the claim cannot survive as pled. *See Hall*, 935 F.2d at 1110 (The liberal construction principle does not relieve a pro se plaintiff of "the burden of alleging sufficient facts on which a recognizable legal claim could be based."). The due process claims must therefore be dismissed.

Additionally, Begay's Complaint may be construed as seeking to state a malicious prosecution claim. If it is so, this claim also is inadequately pled. To state a viable § 1983 malicious prosecution claim a plaintiff must show "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages." *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023). "A malicious-prosecution claim is not cognizable until all the elements are satisfied[.]" *Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017). The Complaint does not clearly allege facts pertaining to the first, third, and fifth elements. On this ground alone, the claim is subject to dismissal. *Id.*

To the extent it addresses the second and fourth elements, the allegations are confusing and

undeveloped. Begay alleges that the charges against him in case no. D-1116-CR-2023-353 were dismissed when the state filed a notice of *nolle prosecui*. A *nolle prosecui* dismissal is consistent with guilt as well as innocence. *Margheim v. Buljko*, 855 F.3d 1077, 1086 (10th Cir. 2017). Therefore, in determining whether a *nolle prosecui* satisfies the "favorable termination" element, the Court must consider the reasons and circumstances underlying the dismissal. *Id.* Assuming that Begay's would-be malicious prosecution claim is based on the prosecution in case no. D-1116-CR-2023-353, the Complaint does not address the reasons/circumstances underlying the notice of *nolle prosecui*. As to whether the defendants acted maliciously, the allegations that Begay reported to the disciplinary board that Beckstead and Quail acted with malice are vague and conclusory. *See Spearman v. Collins*, 500 F. App'x 742, 744 (10th Cir. 2012) (Claims based on vague and conclusory allegations fail). In sum, Begay's allegations do not satisfy any of the requisite elements of a malicious prosecution claim.

2. <u>Begay has not Satisfied the State-Actor Requirement</u>.

Begay does not allege facts showing that the defendants are state actors subject to liability under § 1983. It appears from the State Court docket that Begay retained Quail to represent him in case no. D-1116-CR-2023-353. It is not clear whether Beckstead was a prosecutor or a defense attorney, but the allegations convey that he was an attorney involved in Begay's criminal case.

Generally, § 1983 claims against prosecutors, public defenders, and retained defense counsel are not viable. Private and retained defense attorneys performing traditional legal functions of counsel are do not act "under color of state law." *See Ames v. Miller*, 247 F. App'x 131, 134 (10th Cir. 2007), quoting *Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir.1994) ("The conduct of retained counsel does not rise to the level of state action within the meaning of § 1983."); *Polk County v. Dodson*, 454 U.S. 312, 318–20, 325 (1981) (Private attorneys

performing traditional legal functions as counsel do not act "under color of state law."). Similarly, public defenders do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994), quoting *Dodson*, 454 U.S. at 325. And Prosecutors are immune from civil suits for damages under § 1983 in the performance of their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see Mink v. Suthers*, 482 F.3d 1244, 1261 (10th Cir. 2007) (Prosecutorial functions are "those actions that cast [the attorney] in the role of an advocate initiating and presenting the government's case."). As Begay has not alleged facts showing that the defendants were acting under color of state law and outside the scope of their traditional legal functions, his § 1983 claims against Quail and Beckstead are not viable.

    C. <u>Begay's State-Law Tort Claim</u>.

Since Begay has failed to state a viable federal claim, the Court declines to exercise supplemental jurisdiction over his state law tort claim of malicious abuse of process. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction"). The claim shall be dismissed without prejudice. If Begay files an amended complaint that includes state claims, the Court will consider anew whether to exercise supplemental jurisdiction.

III.   <u>Leave to Amend</u>.

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Begay shall be granted a thirty-day deadline within which to file an amended complaint. If he declines to timely amend, the Court may dismiss the federal claims with prejudice.

IV.     The Pending Motions Shall be Granted.

In the Motion to Extend Payment Arrangement (Doc. 13) and the Motion for Payment Extension (Doc. 16), Begay seeks to extend the deadline within which he is required to submit his monthly payment. The Court finds that the motions are well taken and shall be granted. Begay shall have thirty days from the entry of this Memorandum Opinion and Order to submit a monthly payment of twenty percent of the preceding month's income credited to his account or show cause why the payment should be excused.  In all other respects, the Court's Order Granting *In Forma Pauperis* Application (Doc. 9) remains in full force and effect.

**IT IS ORDERED**:

(1)     The Complaint **(Doc. 1)** is **DISMISSED** without prejudice.

(2)     Plaintiff is granted leave to file an amended civil rights complaint within thirty days of the entry of this Memorandum Opinion and Order. Failure to do so may result in dismissal of this case without further notice.

(3)     The Motion to Extend Payment Arrangement **(Doc. 13)** and the Motion for Payment Extension **(Doc. 16)** are **GRANTED** and Plaintiff shall have **thirty days** within which to submit a monthly payment of twenty percent of the preceding month's income or show cause why the payment should be excused.

_____
CHIEF UNITED STATES DISTRICT JUDGE