## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KERRY BEGAY,

     Plaintiff,

v.                                         No. 22-cv-781-WJ-KRS

JOHN T BECKSTEAD,
TYSON QUAIL,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

THIS MATTER is before the Court following Plaintiff Kerry Begay's failure to file an amended complaint as directed.  Plaintiff is incarcerated. He is proceeding *pro se* and *in forma pauperis*.

In his Civil Complaint, filed October 20, 2022, Begay alleged the following. In September 2021, new evidence in a state court criminal proceeding against him was filed in the Eleventh Judicial District Court, San Juan County, New Mexico (the "State Court").  In February 2022, a hearing was held in the State Court in a criminal case against him (case no. D-1116-CR-2021-00938). (Doc.1 at 1). John Beckstead (apparently representing the state, but perhaps representing Begay) allegedly represented to the court that Begay admitted to domestic violence in an incident in September 2021. (Doc. 1 at 1). Beckstead then allegedly made statements regarding Begay's sentence, including a reference to a mandatory minimum sentence and to Begay's potential eligibility for good time. (Doc. 1 at 1). In July 2022, in the same case, the state entered a notice of *nolle prosequi*, dismissing the criminal charges against Begay. (Doc. 1 at 2). Defendant Tyson Quail was Begay's counsel in that case. *See* docket text in case no. D-1116-CR-2021-00938.

In October 2022, Begay filed a disciplinary complaint against Beckstead alleging malice. (Doc. 1 at 2). In a response, disciplinary counsel allegedly advised Begay that its investigation revealed insufficient evidence or no evidence to support Begay's allegations against Beckstead. (Id.).

As to Tyson Quail, Begay alleges that at a hearing in August 2022 (apparently in another case), Quail improperly examined a witness, a San Juan County Sheriff's Deputy, who concealed his true name or identity. (Doc. 1 at 3). As the Court reads the Complaint, Begay alleges that the deputy concealed his identity with the intent to "obstruct the due execution of the law or to intimidate hinder or interrupt a public office of another person in the legal performance of his duty or the exercise of his rights under the laws of the United States or the State of New Mexico." (Doc. 1 at 3). An alternative interpretation of this allegation is that *Quail* intended to "obstruct the due execution of the law. . .." Further, Begay seems to allege that a San Juan County Sheriff's log-in report shows that the deputy admitted that he created a false report and concealed his identity. (Doc. 1 at 3).

Begay alleges, further, that in September 2022, he filed a complaint against Quail with the disciplinary board alleging "malice acts" and a violation of Constitutional rights. (Doc. 1 at 4). In its response, disciplinary counsel allegedly advised Begay that its investigation found insufficient evidence to support the complaint against Quail. (Doc. 1 at 4).

The Court liberally construed Begay's Complaint to raise claims under the Fourteenth Amendment for an alleged violation of due process and a malicious prosecution claim. (Doc. 17 at 3-6). By a Memorandum Opinion and Order entered August 23, 2023, the Court screened Begay's Complaint and determined it fails to state a cognizable claim. (Doc. 17) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints).

Specifically, Begay failed to state a recognizable claim for the deprivation of substantive or procedural due process. *See Browder v. City of Albuquerque*, 787 F.3d 1076, 1078 (10th Cir. 2015) (recognizing the Fourteenth Amendment guarantees procedural and substantive due process) *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 749 (10th Cir. 2013) (defining the right to substantive due process); *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 810 F.3d 1161, 1172 (10th Cir. 2016) (defining the right to procedural due process). The Court found that the allegations in Begay's Complaint are vague, disjointed, and undeveloped and do not give rise to a recognizable claim that Beckstead or Quail violated his substantive or procedural due process rights. The Court also noted that it could not discern what theory of harm Begay was alleging (i.e., procedural or substantive due process deprivations). *See Hall*, 935 F.2d at 1110 (The liberal construction principle does not relieve a pro se plaintiff of "the burden of alleging sufficient facts on which a recognizable legal claim could be based."). The Court dismissed the due process claims without prejudice.

As to Begay's ostensible malicious prosecution claim, the Court set forth the elements of such a claim as stated in *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023), noting that each element must be pled to state a viable claim. *Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017). The Court found that at least three of the five requisite elements were not satisfied by Begay's allegations. (Doc. 17 at 5). To the extent Begay appeared to address two elements, the Court discussed why the allegations were insufficient, and provided an overview of the law to facilitate Begay's potential amendment of the claim. (Doc. 17 5-6).

In addition, the Court found that Begay failed to allege facts showing that the named defendants (both of whom were attorneys who had apparently been involved in prosecuting or defending Begay) were state actors subject to liability under § 1983. *See Ames v. Miller*, 247 F.

App'x 131, 134 (10th Cir. 2007), quoting *Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir.1994) ("The conduct of retained counsel does not rise to the level of state action within the meaning of § 1983."); *Polk County v. Dodson*, 454 U.S. 312, 318–20, 325 (1981) (Private attorneys performing traditional legal functions as counsel do not act "under color of state law."); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (holding public defenders do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 in the performance of their prosecutorial functions); *Mink v. Suthers*, 482 F.3d 1244, 1261 (10th Cir. 2007) (defining "prosecutorial functions"). Because Begay did not show that the defendants were acting under color of state law and outside the scope of their traditional legal functions, the Court found his § 1983 claims against Quail and Beckstead could not survive as pled.

Finally, to the extent Begay sought to state a state-law tort claim for malicious abuse of process, the Court declined to exercise supplemental jurisdiction the claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction"). The Court dismissed the claim without prejudice, holding that if Begay filed an amended complaint that includes state claims, the Court would consider anew whether to exercise supplemental jurisdiction.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Begay to file an amended complaint curing the deficiencies within thirty days. He was warned that the failure to timely file an amended complaint would result in the dismissal of this case with prejudice. The deadline to comply was September 22, 2023. Since a

copy of the Screening Ruling mailed to Begay was returned undeliverable on September 1, 2023, and mailed to his new address the same day (Doc. 18), the Court informally considered the deadline to run from the date of remailing. The informally-extended deadline expired on October 2, 2023. Plaintiff did not amend his pleading or otherwise respond to the Screening Ruling.  The Court will therefore dismiss this action, including the Civil Complaint filed October 20, 2022 (Doc. 1), with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

      **IT IS THEREFORE ORDERED** that:

(1) The **federal claims** in the Complaint **(Doc. 1)** are **DISMISSED** with prejudice.

(2) The **state claims** in the Complaint **(Doc. 1)** are **DISMISSED** without prejudice.

(3) The Court will enter a separate judgment closing the civil case.

_____
CHIEF UNITED STATES DISTRICT JUDGE